UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD PLECHNER,<br><br>                Petitioner,<br>   v.<br><br>STATE OF WASHINGTON,<br><br>                Respondent. | No. C14-5321 BHS-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: May 16, 2014** |

Petitioner Richard Plechner filed a petition for writ of habeas corpus in this Court on April 16, 2014, 2014.  Dkt. 1.  The undersigned recommends that the petition be dismissed without prejudice for failure to exhaust state judicial remedies.

**BACKGROUND**

On March 12, 2014, Petitioner Richard Plechner filed an application for leave to proceed in forma pauperis (IFP) and proposed Petition for Writ of Habeas Corpus under 28 U.S.C. ¶ 2254.  Dkt. 1.  The Court has reviewed Mr. Plechner's petition and has determined that it will not direct service of the petition because it is clear from the face of the petition that he has not exhausted his state court judicial remedies.

In his petition, Mr. Plechner seeks to challenge March 29, 2010 convictions for second degree assault and felony harassment, both with special verdicts for domestic violence.  Dkt. 1-1,

REPORT AND RECOMMENDATION  - 1

p. 1. Mr. Plechner states that his direct appeal was denied by the Washington Court of Appeals on February 28, 2012. *Id.*, p. 2. Mr. Plechner states that his petition for review remains pending before the Washington Supreme Court. *Id.* The Court is able to confirm that Mr. Plechner's direct appeal was denied by the Washington Court of Appeals on February 28, 2012 in Case No. 40526-1-II 2012 (2012 WL 628226), as amended on grant of reconsideration July 17, 2012 (2012 WL 2924247), and that Mr. Plechner's petition for review was denied by the Washington Supreme Court on April 3, 2012 in Case No. 87772-6, *State v. Plechner,* 176 Wash.2d 1024, 299 P.3d 1171 (Wash. 2013).

Mr. Plechner states that he also filed a personal restraint petition on April 18, 2013, that the petition was denied by the Washington Court of Appeals on an unknown date, that he appealed this denial to the Washington Supreme Court, and the appeal is currently pending in the Washington Supreme Court. *Id.*, pp. 6, 12.

## DISCUSSION

Mr. Plechner may pursue federal habeas relief only after he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

While the issues raised by Mr. Plechner in his direct appeal appear to have been considered by both the Washington Court of Appeals and the Washington Supreme Court, the

REPORT AND RECOMMENDATION  - 2

issues raised in his personal restraint petition have only been considered by the Washington Court of Appeals and the issues remain pending before the Washington Supreme Court. Therefore, he has not fully exhausted his claims in the state appellate courts.

## CONCLUSION

The undersigned recommends that the petition (Dkt. 1) be **dismissed without prejudice** to the filing of a federal habeas petition after Mr. Plechner has exhausted his state judicial remedies**.**  An evidentiary hearing is unnecessary.  The Court also recommends **DENYING** issuance of a certificate of appealability.  Petitioner's IFP application should also be **denied.**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 16, 2014**, as noted in the caption.

**DATED** this 23rd day of April, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3