UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD PLECHNER,

          Petitioner,

v.

DONALD R. HOLBROOK,

          Respondent.

NO. C14-5321 RBL-KLS

**ORDER GRANTING MOTION TO STAY AND DENYING MOTION FOR COUNSEL**

Petitioner Richard Plechner moves to stay his federal habeas petition and for the appointment of counsel. Dkt. 6. Respondent Donald R. Holbrook is not opposed to the stay but opposes the appointment of counsel. Dkt. 15. Having reviewed the parties' submissions and being fully advised, the Court finds that this matter should be stayed pending resolution of Mr. Plechner's state court proceedings and the motion for counsel denied.

## DISCUSSION

**A.    Motion to Stay**

Mr. Plechner moves this Court to stay consideration of his federal habeas corpus petition pending the disposition in the Washington State courts of his personal restraint petition. Mr. Plechner filed a personal restraint petition on October 30, 2012 in the

ORDER - 1

Washington Court of Appeals.  Dkt. 15, Exhibit 1, Docket, *In re Richard Plechner*, Court of Appeals Cause No. 44132-2-II.  A motion for discretionary review was filed in the Washington Supreme Court on February 5, 2014.  *Id.*, Exhibit 2, Docket, *In re Richard Plechner*, Supreme Court Cause No. 89868-5.  Respondent did not file an answer to Mr. Plechner's motion for discretionary review and the status was changed to "submitted" on May 16, 2014.  *Id.*

Respondent concurs in Mr. Plechner's request that this Court stay his federal habeas corpus petition until Mr. Plechner's personal restraint petition is fully adjudicated by the Washington courts.  The stay will allow for completion of the pending state court proceeding which should be forthcoming.  While the state court proceeding is still active, Respondent cannot obtain the court file that is necessary to respond to the federal petition.  Respondent notes that the proceedings may be relevant to the issues of timeliness under the federal statute of limitations, exhaustion of state remedies, and the merits of Mr. Plechner's habeas corpus claim.  Neither party should be prejudiced by the stay.  Thus, the motion shall be granted.

**B.    Motion for Counsel**

Mr. Plechner asks for the appointment of counsel in the title of his motion but does not discuss this request further.  Dkt. 6.

There is no constitutional right to the appointment of counsel in a habeas proceeding. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  If an evidentiary hearing is required, the Court may appoint counsel for a petitioner who qualifies under 18 U.S.C. § 3006(A)(g). Rule 8(c), 28 U.S.C. foll. § 2254.  The Court may also appoint counsel at an earlier stage of the proceedings if the interest of justice so requires. 18 U.S.C. § 3006(A); see also 21 U.S.C. § 848(q); 28 U.S.C. § 2254(h); *Terrovona v.*

*Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990); *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (*citing Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994)).

Mr. Plechner fails to show the appointment of counsel is necessary at this time. Mr. Plechner filed his habeas petition and a motion to stay without the assistance of counsel. Respondent has not yet answered the petition. At this time, the case does not raise a legally or factually complex issue and it is likely the petition may be resolved on the existing state court record without an evidentiary hearing. Mr. Plechner does not show a need for the appointment of counsel at this stage of the proceedings and the motion is denied.

Accordingly, it is **ORDERED:**

(1) Petitioner's motion to stay (Dkt. 6) is **GRANTED** and this matter is **STAYED** pending resolution of the state court proceedings; Petitioner's motion for counsel is **DENIED.**

(2) Petitioner shall advise the Court within **thirty (30)** days of receiving a final State court ruling.

(3) The Clerk shall send copies of this Order to Petitioner and counsel for Respondent.

**DATED** this 19th day of June, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3