UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD PLECHNER,

                    Petitioner,

    v.

DONALD R. HOLBROOK,

                    Respondent.

No. C14-5321 RBL-KLS

ORDER DENYING MOTION FOR BAIL HEARING AND MOTION TO COMPEL

Before the Court is Petitioner's Motion for Bail Hearing Pending Appeal. Dkt. 21. Respondent opposes the motion for bail. Dkt. 24. Respondent also opposes Petitioner's motion to compel included within Petitioner's motion for reconsideration (Dkt. 20). *Id.* The motion for reconsideration was denied by the Court on July 18, 2014. Dkt. 23. The Court finds that the motions should be denied.

**DISCUSSION**

Mr. Plechner filed a habeas petition challenging his convictions for second degree assault and felony harassment. Dkt. 11. Mr. Plechner also filed a motion to stay his petition pending the outcome of a personal restraint petition before the Washington Supreme Court. Dkt. 6. On June 19, 2014, the Court stayed the petition. Dkt. 17. Mr. Plechner now moves for release on bail pending his appeal.

ORDER DENYING MOTIONS FOR BAIL AND TO COMPEL- 1

A.     **Motion for Release on Bail Pending Appeal**

To obtain release pending habeas review, the petitioner must overcome a "formidable barrier". *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972); *Baker v. Sard*, 420 F.2d 1342, 1343 (D.C. Cir. 1969).  Release on bail is not favored in federal habeas corpus proceedings because it "supplies the sought-after remedy before the merits of petitioner's application are determined." *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2nd Cir. 1981).   To qualify for release, the petitioner must show (1) the presence of special circumstances in his case and (2) a clear and readily evident entitlement to relief on the merits of his habeas claims; making his application "exceptional and deserving of special treatment in the interest of justice."  *Aronson v. May*, 85 S. Ct. 3, 5 (1964); see also *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).  This standard requires the petitioner to show not only a substantial federal constitutional claim that is a clear case for habeas relief, but also the presence of special circumstances.  *Martin*, 801 F.2d at 329.  "Such a standard reflects the recognition that a preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding." *Lucas v. Hodden*, 790 F.2d 365, 367 (3rd Cir. 1986).  There is nothing unusual about a claim of unlawful confinement in a habeas corpus proceeding because a habeas petition necessarily requires an allegation that the petitioner's custody violates the Constitution.  *Martin*, 801 F.2d at 330.

Mr. Plechner cannot demonstrate a clear entitlement to federal habeas corpus relief. Because this matter is currently stayed, Respondent has not even submitted an answer to Plechner's habeas petition.  In addition, Mr. Plechner fails to show the existence of exceptional circumstances.  Nearly all habeas corpus petitioners are required to litigate their habeas claims while in custody and the petitioner who seeks release on bail as a preliminary matter must show

ORDER DENYING MOTIONS FOR BAIL AND TO COMPEL- 2

the presence of exceptional circumstances making him deserving of special treatment. *See Martin*, 801 F.2d at 330; *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990). Ties to the community, reputation, prior record, and a lack of flight risk does not set one petitioner apart from another. While those factors are considered by the state courts in deciding whether to grant release on bail pending trial or appeal, a habeas corpus petitioner is in a different posture in federal court. A habeas petitioner's conviction is final and presumptively legal (even where a petitioner initially succeeds in obtaining habeas corpus relief, the courts have recognized the petitioner's interest in release is limited until the grant of such relief is final). *See Hilton v. Braunskill*, 481 U.S. 770, 774-78 (1987).

Because Mr. Plechner fails to demonstrate a clear entitlement to federal habeas corpus relief and fails to show the existence of exceptional circumstances, he is not entitled to release on bail and the motion is denied.

**B.     Motion to Compel**

Contained within Mr. Plechner's motion for reconsideration is a motion to compel the production of a tape from a Department of Correction (DOC) violation hearing. Dkt. 20. While Mr. Plechner's motion for reconsideration has already been denied, the Court provides the following comments on his contention that he is entitled to compel this production.

Rule 6(a) of the Rules Governing Section 2254 Cases provides, in part:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise. . . .

Rule 6(a), 28 U.S.C. foll. § 2254. Discovery is properly limited in habeas corpus because it "is not the trial itself but a collateral attack upon a standing conviction." *Austad v. Risley*, 761 F.2d

ORDER DENYING MOTIONS FOR BAIL AND TO COMPEL- 3

1348, 1355 n.4 (9th Cir.), *cert. denied*, 474 U.S. 856 (1985).  Absent a showing of good cause, a court should deny a motion for leave to conduct discovery.  *Rich v. Calderon*, 187 F.3d 1064, 1067-68 (9th Cir. 1999); *McDaniel v. United States Dist. Court*, 127 F.3d 886 (9th Cir. 1997).  To show good cause, the petitioner must set forth specific facts showing that discovery is appropriate.  *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3rd Cir. 1994) (*quoting Mayberry v. Petsock*, 821 F.2d 179, 185 (3rd Cir.), cert. denied, 484 U.S. 946 (1987)).

      Mr. Plechner has not yet obtained leave to conduct discovery, has not served a request for production upon Respondent, and has not conferred with Respondent as required by Federal Rule of Civil Procedure 37.  Moreover, he has not shown good cause for discovery.  He claims that he needs to obtain the tape from a DOC disciplinary hearing to prove his innocence.  On that issue, however, the Court of Appeals held:

> Many of Plechner's claims of error concern proceedings conducted by the Department of Corrections (DOC) to determine whether the charged offenses violated his community custody conditions.  At Plechner's request, the violation hearing was continued pending the result of this trial.  After his conviction, DOC cancelled the pending hearing and dismissed the community custody allegation.

Dkt. 24, Exhibit 2, Unpublished Opinion, *In re Plechner*, Court of Appeals Cause No. 44132-2-II, at 2.

      In a footnote, the Court of Appeals noted:

> Plechner initially complains about DOC's treatment of an audiotape that would prove his innocence.  After the DOC response showed that the tape was played during the violation proceedings and was actually prejudicial, Plechner stated in his reply brief that the playing of this tape was error because of its prejudice.

*Id*.

      Mr. Plechner fails to show good cause for discovery in this stayed habeas case.  His motion to compel is denied.

ORDER DENYING MOTIONS FOR BAIL AND TO COMPEL- 4

Accordingly, it is **ORDERED:**

(1) Petitioner's motions for bail and to compel (Dkt. 21) are **DENIED**.

(2) The Clerk of Court is directed to send a copy of this Order to Petitioner and to counsel for Respondent.

**DATED** this 5th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTIONS FOR BAIL AND TO COMPEL- 5